DETERMINED IN THE

# SECOND DEPARTMENT.

AT

## GENERAL TERM,

### February, 1881.

---

WILLIAM B. RICE, Executor, etc., of THOMAS W. RICE, Deceased, Appellant, *v.* KATE N. MOTLEY and others, Executors, etc., of JAMES M. MOTLEY, Deceased, Respondents.

*Evidence — the testimony of a party taken at the instance of his adversary, is admissible in his own behalf after the death of the latter — Code of Civil Procedure; § 829.*

In this action brought to recover damages resulting from alleged fraudulent representations made by the defendant to the plaintiff, each party was, upon the application of his adversary, examined as a witness before the trial. Before the trial the defendant died and the action was continued against his executors.

*Held,* that upon the trial the plaintiff was entitled to introduce in evidence his own examination, taken at the instance of the defendant, and that the same was not rendered inadmissible by section 829 of the Code of Civil Procedure.

Motion for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a nonsuit directed at the Circuit.

*Justus Palmer,* for the appellant.

*Hamilton Odell,* for the respondents.

Barnard, P. J.:

This action was commenced by Thomas W. Rice against James M. Motley for damages resulting from alleged fraudulent representations made by Motley to Rice. Each party procured the examination of his adversary before trial. Before the trial Motley died, and the action was continued in the name of his executors. Upon the trial Thomas W. Rice was living and was a witness in his own behalf. He could not then testify to any personal transaction with Motley under section 829 of the Code of Civil Procedure. He then offered in evidence his own examination taken at the instance of Motley, and when both were living, and this was rejected. Was this ruling right? I am inclined to think it was not. In the first place the reason of the rule excluding such testimony is wanting. When the deposition was taken, Motley was alive to cross-examine and to give testimony in his own behalf in opposition to that of the plaintiff. In the next place Motley himself called Rice as a witness in his own behalf, and the Code (§ 881) provides, "the deposition * * * may be read in evidence by either party at the trial" * * * "or any other action," or "between any parties claiming under them." The depositions of parties are subject to a different rule from those of ordinary witnesses. The deposition of witnesses cannot be given in evidence unless the witness is proven to be since dead, insane or absent. (Sec. 882.) Parties deposition are admissible without this proof. Section 883 should not be construed so as to destroy the deposition of a deceased party. The deposition by that section is declared to have the same effect as the "oral testimony of the witness would have," that objection may be made "to the competency or credibility of the witness," or to the "relevancy" or "competency" of a question the same as if personally examined, and although there were no objections made when the deposition was taken. No allusion is made to the possible death of a party before trial in this section, while in section 881, as already seen, the deposition is made evidence in all future actions between the same parties or between others claiming under them.

I arrive at the conclusion, therefore, that the legislature did not intend to destroy evidence given by a witness who was competent to testify when his deposition was taken, and who became incompetent by reason of the death of his adversary afterward.

The judgment should be reversed and a new trial granted, costs to abide event.

DYKMAN, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Exceptions sustained and judgment dismissing complaint reversed and new trial granted, costs to abide event.